UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
**FILED**
JAN 0 6 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-157-JBC

RAY WORKMAN,             PLAINTIFF

V.        **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
  Social Security Administration,             DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Ray Workman, by counsel, brings this action against the Commissioner of the Social Security Administration, under 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision that based on his application for Disability Insurance Benefits (DIB) that was filed on June 16, 2003, he was not disabled and was not entitled to disability benefits.

This matter is before the court on cross-motions for summary judgment. [DE ##8, 9].

By Order of October 7, 2005, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on dispositive matters.

## II. ADMINISTRATIVE PROCEEDINGS

Plaintiff alleged that he became disabled on January 1, 2003, at age 45, due to back problems, depression, and illiteracy. (Tr. 12). Plaintiff's DIB application was denied initially and on reconsideration, resulting in ALJ hearings conducted on August 2, 2004, and October 6, 2004. On January 28, 2005, ALJ Ronald M. Kayser found that plaintiff had not been disabled at any time through the date of that decision; therefore, he was not entitled to disability benefits. (Tr. 11-18).

Thereafter, on March 31, 2005, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 3-5), resulting in the filing of the present action for judicial review of the Commissioner's denial decision.

Plaintiff was born on March 30, 1957, has a limited (6th grade) education, is illiterate, and has past relevant work experience (PRW) in masonry work. Summarizing the ALJ's findings, the ALJ found that (1) claimant has not engaged in substantial gainful activity since his alleged onset date, (2) claimant's musculoskeletal low back pain; organic mental disorder, not otherwise specified; depressive disorder, not otherwise specified, secondary to low back pain; and borderline intellectual functioning are "severe" impairments; however, these medically determinable impairments do not meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4; (3) claimant's allegations concerning his limitations are not totally credible; (4) claimant has the residual functional capacity to perform a significant range of medium work, with certain restrictions; (5) claimant is unable to perform any of his PRW; (6) claimant has no transferable skills from any PRW and/or transferability of skills is not an issue in this case; (7) although claimant's limitations do not permit him to perform the full range of medium work, using Medical-Vocational Rule 203.26 as a framework for decision-making, there is a significant number of jobs in the national economy that claimant can perform, such as in assembly, in packaging, in bench assembly, and in inspecting/checking; and (8) claimant has not been under a disability, as defined in the Social Security Act, at any time through the date of the ALJ decision, January 28, 2005. (Tr. 11-18).

With the denial by the Appeals Council of plaintiff's request to review the ALJ's decision, the ALJ's decision represents the final decision of the Commissioner, and this matter is ripe for judicial review under § 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g).

### III. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, see 42 U.S.C. § 405(g); Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" means such evidence as a reasonable person might accept as adequate to support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th

2

Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).

## IV. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of his motion for summary judgment, plaintiff argues that (1) the ALJ erred by finding that plaintiff's statements concerning his impairments in relation to his ability to work were not fully credible, and (2) the ALJ erred by improperly placing the burden on plaintiff to develop the record. For these reasons, plaintiff submits that the ALJ's decision is not supported by substantial evidence, that the Commissioner's decision should be reversed, and that he should be awarded disability benefits. Alternatively, plaintiff requests that this case be remanded for further proceedings.

In response, the defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

### Discussion/Analysis

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda filed in support of each party's motion for summary judgment, the hearing decision, the medical evidence of record (Exhibits 1F through 12F), and the transcripts of the ALJ hearings.

### A. ALJ's credibility finding

Plaintiff contends that the ALJ erred by finding that plaintiff's statements concerning his impairments in relation to his ability to work were not credible. The ALJ's assessment of plaintiff's credibility is seen from the following excerpt from the ALJ's decision:

> ... He maintained that he quit working due to his back going out on him. He takes Lortab and Skelaxin. He has no other kind of treatment. He indicated he does not see a doctor due to financial needs. The claimant said he can lift 10 to 20 pounds. He does not push or pull. As noted earlier, the evidence shows though the claimant is able to drive; fix food for himself; watch television; visit with relatives; use the telephone; water indoor plants; let the dog outside; and attend to most personal

3

>needs. Exhibits 3E, 4E, 5E, 9E, and testimony at hearing. The Administrative Law Judge notes the claimant's back pain is musculoskeletal; he takes over-the-counter medication. There is no evidence of any back trauma. The claimant claims he cannot afford medical treatment but the undersigned observes that the claimant's wife brings home $800 per month from her housecleaning business. The claimant has gone to the emergency room one time in 2004 for a pain shot. The claimant appeared at the hearing wearing a full, carefully manicured beard. His gait seemed normal. He sat through the hearing without any distress. He was very clean and well dressed; his hands were clean. After carefully considering the record in its entirety, the Administrative Law Judge finds the claimant's allegations to be only partially credible in light of the claimant's activities and life style, the degree of medical treatment required, the reports of the examining practitioners, the testimony of the medical expert and the medical history.

Tr. 14-15.

In determining whether a claimant is disabled, the Commissioner considers all symptoms, including pain, and the extent to which those symptoms "can reasonably be accepted as consistent with the objective medical evidence, and other evidence." 20 C.F.R. § 404.1529(a) (2005). When the medical signs or laboratory findings document a medically determinable impairment that could reasonably be expected to produce the symptoms alleged, as in this case, the Commissioner then evaluates the intensity and persistence of the symptoms to determine how those symptoms limit the claimant's capacity for work. See 20 C.F.R. § 404.1529(c)(1) (2005). In making this evaluation, the Commissioner considers the objective medical evidence as well as information from the claimant and from treating, examining, or other medical sources, as well as other factors, such as evidence of daily activities, the frequency and intensity of pain, any precipitating and aggravating factors, medication taken and any resulting side-effects, and any other measures taken to alleviate the claimant's pain. See 20 C.F.R. §§ 404.1529(c)(2), (3) (2005).

In *Jones v. Commissioner of Social Security*, 336 F.3d 469 (6th Cir. 2003), the Sixth Circuit noted the critical distinction between an ALJ "disbelieving" a claimant and finding that the severity of the allegations was at odds with the medical evidence. Specifically, in *Jones*, the Sixth Circuit stated:

>. . . the ALJ can present a hypothetical to the vocational expert on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate. See Townsend v. Secretary of Health and Human Services, 762 F.2d 40, 44 (6th Cir. 1985); see also Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 231

4

(6th Cir. 1990) (holding that the ALJ had an adequate basis to discount Mr. Blacha's credibility, where his behavior and the medical evidence were inconsistent with his testimony.).

In this case, the ALJ discredited plaintiff's statement that he spent "most of his day lying on the floor on a heating pad." The ALJ's reasoning is supported by not only plaintiff's ability to drive, prepare meals, visit with relatives, use the telephone, water indoor plants, etc., but also by the medical evidence. For instance, a September 2003 consultative examination revealed that plaintiff had some decreased range of motion in his back, negative straight raises, and a normal neurological examination. (Tr. 157). The examiner noted an x-ray revealed "an old compression fracture of L1. There are moderate arthritic changes present, and the disc spaces appear normal." (Tr. 158-59).

The Magistrate Judge concurs with the Commissioner's argument that plaintiff's daily activities and the relatively benign results of the foregoing September 2003 consultative examination do not support plaintiff's claim that he can not perform any work of any kind. See 20 C.F.R. § 404.1529(c)(3) (I) (2005); Blacha, supra at 231 (The ALJ may also properly consider evidence regarding a claimant's daily activities to assess claims of disabling symptoms).

It is well settled that in reviewing a case for substantial evidence, the court may not decide questions of credibility. Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). The rationale underlying this rule of law is that it is the ALJ, who has the opportunity to question and observe a claimant, is certainly in the best position to assess a claimant's credibility. Consequently, the Magistrate Judge finds no merit in plaintiff's argument that the ALJ erred in finding plaintiff's testimony concerning his impairments and how they impacted his ability to perform work activities only partially credible.

## 2. Development of the record

Plaintiff also asserts that ALJ improperly placed the burden on him to develop the record concerning evidence of a 12.05C Listing mental impairment (mental retardation) prior to the age of 22, arguing that the ALJ had the responsibility to develop the record in this respect.

This claim concerns plaintiff's diagnosis on September 9, 2003, of mild mental retardation. (Tr. 152-55). The consultative examiner reported valid IQ scores of a verbal IQ of 65, a performance

5

IQ of 67, and a full scale IQ of 63. However, no school records were available to determine whether plaintiff's mild mental retardation existed before the age of 22. (Tr. 147). The nonexamining state agency doctors assessed that plaintiff's intelligence did not satisfy the criteria of any Listing. (Tr. 165-200).

The medical examiner at the administrative hearing noted the valid test results and the lack of school records (Tr. 233-42). However, the medical expert also noted that plaintiff's past work as a brick mason required him to perform simple, routine mathematical calculations, which could place him in the borderline range of intellectual functioning (Tr. 233-42, 255-64). Therefore, the medical expert concluded that plaintiff did not meet or equal a mental Listing (Tr. 213-28, 240).

Plaintiff argues that the ALJ erred by not obtaining plaintiff's school records, which plaintiff claims would demonstrate that he satisfied the criteria of Listing 12.05 prior to age 22. Plaintiff testified that he went to a few schools, some in Michigan, as a child and could not remember the names or locations of these schools (Tr. 252-53). Consequently, his counsel was unable to obtain plaintiff's school records. Likewise, the ALJ was also unable to obtain plaintiff's school records. Since plaintiff did not remember the names or the locations of the schools he attended prior to dropping out of school in the 7th grade, it was not possible for either his counsel or the ALJ to obtain his school records.

Contrary to plaintiff's argument, plaintiff has the burden of proof to establish his disability. More particularly, plaintiff had the burden to submit relevant evidence to establish that his mental retardation existed prior to the age of 22. Plaintiff's school records would be the best evidence, and perhaps at this juncture, the only evidence to pinpoint the onset of plaintiff's mental retardation. If plaintiff does not recall the names or locations of the schools he attended during his six years of education, he cannot expect the ALJ to divine this information. Consequently, the Magistrate Judge concludes that plaintiff's argument that the ALJ erred by failing to develop the record and by placing the burden on plaintiff to develop the record concerning evidence of the onset of plaintiff's mental retardation is without merit.

6

## V. CONCLUSION

Having reviewed the administrative record, including the medical evidence, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, the Magistrate Judge concludes that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #8] be **DENIED**, that the defendant's motion for summary judgment [DE #9] be **GRANTED**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

This 6th day of January, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE