UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-157-JBC**

**RAY WORKMAN,**                                              **PLAINTIFF,**

V.          **MEMORANDUM OPINION AND ORDER**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                     **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \* \*

The plaintiff, Ray Workman, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Disability Insurance Benefits. The court referred this matter to United States Magistrate Judge James B. Todd, who prepared Proposed Findings of Fact and Recommendations to which the plaintiff objected. The court, having reviewed the record *de novo* in light of the plaintiff's objections, will adopt the magistrate judge's report and recommendation, deny the plaintiff's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

**Standard of Review**

Judicial review of the ALJ's decision is limited to determining whether he employed the proper legal standards. *Cutlip v. Sec'y of Health and Human Serv.*, 25 F.3d 284, 286 (6th Cir. 1994). "This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

"Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, if substantial evidence supports the Commissioner's decision, this court will defer to that finding, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth*, 402 F.3d at 595 quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

**The Plaintiff's Objections**

Mr. Workman objects to the report and recommendation, arguing that the ALJ's decision is inconsistent with existing case law; that the ALJ erred in finding that his allegations of pain were not credible; and that the ALJ erred by requiring him to obtain evidence to prove the severity of his impairment. The court does not find these arguments persuasive.

*The ALJ's decision and existing case law*

Mr. Workman argues that the ALJ's decision is inconsistent with *Lairson v. Cohen,* 291 F. Supp. 757 (E.D. Ky. 1968) and *Walston v. Gardner*, 381 F.2d 580 (6th Cir. 1967). In *Lairson*, the District Court overturned an ALJ's decision denying an application for Social Security Benefits because it was contrary to the substantial medical evidence which suggested total disability. Similarly, in *Walston*, the Sixth Circuit overturned a decision denying benefits where the medical evidence in the record was uncontradicted and where the government admitted that the

2

claimant suffered from severe pain.

In evaluating symptoms of pain, the ALJ must determine whether these symptoms are reasonably consistent with objective medical evidence. 20 C.F.R. § 404.1529(a). In this case, the ALJ considered the treatment notes from an examining neurosurgeon and from a doctor performing a consultative examination. Although the evidence shows that Mr. Workman suffers from back problems, it does suggest that he is physically incapacitated by pain. In reaching his decision, the ALJ also relied on Mr. Workman's testimony that he could lift 10 to 20 pounds, and noted that he is able to drive, prepare meals, visit with relatives, and attend to most of his personal needs. Finally, he found that there was a lack of objective medical evidence indicating pain of the severity alleged. The facts in this case are distinguishable from those reported in *Lairson* and *Gardner*. In reaching his decision, the ALJ used his discretion to weigh the evidence and determine Mr. Workman's limitations. His decision does not conflict with existing case law.

*Credibility*

The ALJ found that Mr. Workman's allegations of pain were only partially credible. As partial support for this finding, the ALJ noted that Mr. Workman had not sought any regular treatment for the pain. According to Mr. Workman, he cannot afford treatment. Nevertheless, the ALJ found that Mr. Workman's wife was earning $800 a month from a housecleaning business and implied that this income is sufficient to allow Mr. Workman to pay for treatment. The court takes judicial notice that a monthly income of $800 is insufficient to allow two people to

3

meet their regular monthly expenses and to pay for medical care. It was error for the ALJ to suggest that Mr. Workman could afford to pay for medical care where his household income was only $800 a month.

Notwithstanding this error, there is still evidence in the record to suggest that Mr. Workman's allegations of pain are only partially credible. Specifically, the ALJ noted that Mr. Workman can lift 10 to 20 pounds, that he can drive, fix food for himself, visit with relatives, and attend to his personal needs. Mr. Workman was also able to sit through the hearing without discomfort and his gait was normal. Similarly, there was a lack of objective medical evidence indicating pain of the severity alleged. Because the court defers to the ALJ on questions of credibility, and because there is evidence to support his finding on credibility, the court will not disturb it. *See Blacha v. Sec. of Health and Human Servs.*, 927 F.2d 228, 230-31 (6th Cir. 1990).

*The Burden of Proof*

The claimant has the burden of presenting evidence and proving the existence of a mental impairment. *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). Therefore, Mr. Workman was responsible for acquiring the school records necesary to carry his burden of proof. The ALJ is not responsible for acquiring evidence to sustain the plaintiff's burden of proof. Accordingly,

**IT IS ORDERED** that the magistrate judge's report and recommendation (DE 11) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary

4

judgment (DE 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 8) is **DENIED**.

Signed on January 24, 2006

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY